*713 OPINION.
Yan Fossan:
The only question at issue in this proceeding is whether or not the respondent erred in disallowing as a deduction from the petitioner’s income the salaries alleged to have been paid to Harold C. Mathews and John J. Hearn in the amounts of $20,000 and $10,000, respectively for the years 1922 and 1923. The petitioner claims that the services of Mathews and Hearn were reasonably worth amounts received by them and that they were properly termed salaries in its tax returns.
In considering the evidence in this case certain facts stand out. Petitioner was a close corporation, two-thirds of the stock being owned by Mathews and one-third by Hearn. The payments denominated “ salaries to officers ” in the tax return were in exact proportion to the stock holdings. Mathews was the president of the corporation. Hearn was not an officer. There is no evidence of any corporate authorization of the payments either as salaries or otherwise, nor is there any evidence of how the payments were entered on the corporate books, if any record was made. The amounts were not withdrawn periodically but in a lump sum. Mathews devoted approximately one-half of his time to petitioner’s business but we are unadvised what part of Hearn’s time was devoted thereto. There was a suggestion by counsel for petitioner that Hearn received a “small salary of $5,000” during the taxable years, presumably in addition. The corporation never paid any dividends.
On this record we are asked to find that the payments of $20,000 and $10,000 to Mathews and Hearn, respectively, were fair and reasonable salaries for services actually rendered in the taxable years.
The fact that the payments were listed in the tax returns as “ salaries ” is not conclusive of their true character. The record indicates to us that they were more probably payments in lieu of dividends. Moreover, we are unable on the evidence to find that they were fair and reasonable in amount. Petitioner has not overcome the presumption of correctness that attaches to the finding of the respondent.

Judgment will be entered for the respondent.